Smith, J.
The errors complained of are that the court overruled the motion for a new trial, and improperly received and rejected evidence, and erred in the' charge given to the jury, and refused to give certain special charges asked for.
The action was brought by Mrs. Lippert to recover the amount alleged to be due her on two notes for $250 each, executed by Holden, the defendant, to the husband of the plaintiff, and by him indorsed in blank and delivered to her before the maturity thereof. The answer averred, first, that there was no good or valid consideration for the notes; and second, that plaintiff paid nothing for them, and knew *768 when she took them that there was no consideration for the same; and third, that about April 14, 1888 (after the maturity of the notes), the defendant, being insolvent, settled and compromised with and paid said notes to Mr. Molony, who then held said notes indorsed in blank by the payee thereof, by giving to him in full settlement and payment thereof a check of the Stone & Hines Company for $50 upon the German National Bank, which was afterwards paid; and said notes were then delivered by Molony to the defendant, who canceled them. These averments of new matter were denied by the reply.
The evidence in the case showed that the notes were given to Mr. Lippert by Holden on a good consideration, and the same were transferred by him to his wife for value, by indorsement in blank long before the maturity thereof; that after the maturity thereof, Mrs. Lippert placed them in the hands of Mr. Molony, an attorney at law, for collection, in the'condition in which she had received them from her husband, to-wit: with his name indorsed thereon in blank, and on April 14th, an arrangement was entered into by Molony and Holden by which it was agreedJJhat onpiayment of $50 to Molony by Holden the notes were to be given up and canceled ; and the money was then paid by a check on the Stone & Hines Company for that sum, payable to Holden and by him indorsed, which was duly paid. At this time Holden was insolvent, and he knew that Molony held the notes for collection'. The evidence was conflicting whether Molony had been authorized by Mrs. Lippert to make this settlement, and the court having submitted to the jury an interrogatory whether he was authorized to make such a settlement, and the jury having returned that he was not, we cannot say that their finding on this point was unwarranted. The jury, under the charge of the court that in any event the $50 paid to Molony must be credited on the note, returned a verdict of $450, the residue of the principal — by mistake, we suppose, allowing no interest, though the notes legally bore interest for several years. Judgment was rendered on this verdict, a motion for a new trial having been overruled.
We see no reason why a new trial should be granted cn the ground that the verdict was contrary to the evidence, unless as a matter of law, Molony, as attorney for Mrs. Lippert, was authorized to make such a compromise, or that, not having such authority, Holden was released by the compromise made, for the simple reason that Mr. Molony held the notes with the indorsement of the payee thereof in blank.
No claim is made, as we understand, from counsel *769 for plaintiff in error, that an attorney who receives a note for collection, is thereby authorized to make a compromise and receive a part of the amount due in full settlement of the whole. Express authority to do this is requisite. But it is urged that when the attorney holds the note indorsed in blank, the maker is authorized to deal with him as though he were the real owner of i.t. An objection to the application of such a rule in this case, we think, is that it satisfactorily appears that Holden knew that Molony held these notes only for collection, and that when the proposition for settlement was made by Holden, Molony told him that he would have to wait and see if he could get authority to settle on those terms.
Oliver B. Jones, for Plaintiff in Error. Lipman Levy, for Defendant in Error.
But even if Holden had supposed that Molony was the real owner of the note, we understand the law to be that, as the notes were then overdue, Molony holding them simply as an attorney for collection, could not have transferred them so as to give a good title, even to a bona fide purchaser for value. Such purchaser would have taken subject to the right of the real owner (43 Ohio St. 284). We suppose the same principle would apply more strongly to a case like this before the court, and that Holden and Molony, by such a compromise, could not affect the real owner of the notes, even if Holden acted in good faith, and under the supposition that Molony was the owner of the notes, which he did not do.
Was there substantial error ih the rulings of the court as to the evidence complained of to the prejudice of the plaintiff in error? As shown on page 36, where the court refused to allow a question put by counsel for plaintiff in error to be answered, there was no statement of what he intended to prove. The evidence received, as shown on pages 43, 44 and 45, and objected to, was admissible on cross-examination, tending to show the credibility of the witness, and as laying the ground for subsequent impeachment of his testimony, and that on page 56 was impeaching evidence.
We see nothing in the charge of the court or the action of the court in refusing the special charges asked by the defendant below, prejudicial to the plaintiff in error. The general charge was as favorable to the defendant as it should have been, and the special charges asked (which we do not consider it necessary to discuss in detail), were either in conflict with what we have stated we consider the law to be, or omitted some qualification to make them good in this particular case. The judgment will therefore be affirmed with costs, but without penalty.